**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| 3M COMPANY, | : | |
| | : | |
| Plaintiff, | : | Case No.: 3:20-cv-443 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| PREMIUM CONTRACTOR | : | |
| SOLUTION, LLC | : | |
| | : | |
| Defendant. | : | |
| | : | |

## AGREED PRELIMINARY INJUNCTION

Upon consideration of the Motion for Ex Parte Seizure Order, Temporary Restraining Order, and Preliminary Injunctive Relief of Plaintiff 3M Company ("3M") filed against Defendant Premium Contractor Solution, LLC ("Defendant") (the "Motion"), the Ex Parte Seizure Order, Temporary Restraining Order, and Preliminary Injunctive Relief  (ECF No. 5) that the Court granted based on Plaintiff's Motion (the "Order"), and based upon the agreement of the parties as evidenced herein, the parties stipulate to and this Court enters the following Agreed Order and Preliminary Injunction for the pendency of this action pursuant to 15 U.S.C. 1116 and Fed. R. Civ. P. Rule 65.

1.      As contemplated by 15 U.S.C. § 1116(d)(10)(A), the parties waive the hearing on the Motion and Order.  3M and Defendant stipulate that the facts supporting the findings of fact and conclusions of law necessary to support the Order are still in effect, and that the parties desire to stipulate to certain temporary and preliminary relief during the pendency of this action in lieu of an evidentiary hearing under 15 U.S.C. § 1116(d)(10) and Fed. R. Civ. P. Rule 65.

2.      Until further Order of this Court, Defendant, its agents, servants, employees, officers and all persons and entities in active concert and participation with Defendant are preliminary enjoined and restrained from:

   a. using the 3M Marks and any other word, name, symbol, device, or combination thereof that is confusingly similar to the 3M Marks, for, on, and/or in connection with the manufacture, distribution, advertising, promoting, offering for sale, and/or sale of any goods or services, including, without limitation, 3M's 3M-brand N95 respirators;

   b. engaging in any false, misleading, and/or deceptive conduct in connection with 3M and its products, including, without limitation, representing itself as being an authorized distributor, vendor, agent, representative, retailer, and/or licensee of 3M and/or any of 3M's products (including, without limitation, 3M-brand N95 respirators);

   c. falsely representing to have an association or affiliation with, sponsorship by, and/or connection with, 3M and/or any of 3M's products; and

   d. offering to sell any of 3M's products at a price and/or in a manner that would constitute a violation of Ohio Revised Code §§ 1329.01 and 4165.01, *et seq.,* and Ohio Common Law.

3.      Pursuant to the Service of Seizure Order filed by the U.S. Marshal Service (ECF No. 6), the parties stipulate that the items listed in the Service of Seizure Order were seized on November 2, 2020 in Ohio at the principal place of business of Defendant, 2601 W. Stroop Road, Dayton, Ohio 45439.  The parties further stipulate that the two laptop computers identified in the Service of Seizure Order were forensically imaged and returned to Defendant on November 4, 2020.

4.      The parties stipulate, and this Court orders, that pending further order of the Court, copies of the forensically-imaged laptop computers, as well as the other items listed in the Service of Seizure Order (collectively, the "Ohio Seized Items"), shall remain in the custody or control of 3M's outside counsel and kept in a secure location.  Unless otherwise ordered by

the Court, the parties are temporarily restrained and preliminarily enjoined from destroying or improperly altering the Ohio Seized Items. The Ohio Seized Items shall be made available during normal business hours for inventory or inspection by counsel for Defendant and counsel for 3M (including 3M's in-house counsel). The Ohio Seized Items may be inspected by Defendant, 3M, or third party experts and tested for authenticity upon agreement of the parties. 3M and Defendant stipulate and agree that any such inspection or testing agreed to by the parties – to the extent it alters the Ohio Seized Items – shall not be deemed an improper alteration under this Agreed Order.

5. In addition to the Ohio Seized Items, 3M and Defendant stipulate that the items were seized pursuant to the Court's Order from the Mississippi Emergency Management Agency, Gulf Relay/Warehouse Services, Consignee, located at 5440 Highland Drive, Jackson, MS 39206 (the "Mississippi Seized Items").

6. The parties stipulate, and this Court orders, that pending further order of the Court, the Mississippi Seized Items shall remain in the custody or control of 3M's outside counsel and kept in a secure location. Unless otherwise ordered by the Court, the parties are temporarily restrained and preliminarily enjoined from destroying or improperly altering the Mississippi Seized Items. The Mississippi Seized Items shall be made available during normal business hours for inventory or inspection by counsel for Defendant and counsel for 3M (including 3M's in-house counsel). The Mississippi Seized Items may be inspected by Defendant, 3M, or third party experts and tested for authenticity upon agreement of the parties. 3M and Defendant stipulate and agree that any such inspection or testing agreed to by the parties – to the extent it alters the Mississippi Seized Items – shall not be deemed an improper alteration under this Agreed Order.

7.     The $20,000 surety bond posted in this action and reflected on the docket shall remain in place until further order of the Court.

8.     Defendant stipulates and agrees to work with 3M during the pendency of this action to identity correspondence and communications it had with third-parties relating to the purchase or sale of purported 3M-brand respirator masks so that the source(s) of the Ohio Seized Items and the Mississippi Seized Items can be ascertained;

9.     The entry placing this action under seal (ECF No. 4.) is hereby modified.  The Clerk of Courts is directed to unseal this action and place any materials that have been filed herein on the public docket.  Defendant stipulates that it has been served with the Complaint, Motion, Order and all other orders of the Court in which the Court directed counsel for 3M to serve Defendant.  3M and Defendant acknowledge that upon unsealing of the case, the parties shall accept service through the Court's electronic filing system.  Any documentation not filed in this matter but required to be served shall be served via electronic mail on all counsel of record.

Dated:  November _23_, 2020

_____
U.S. District Court Judge

STIPULATED AND AGREED:

**On Behalf of Defendant**
**Premium Contractor Solution, LLC**

By: _____

Print Name: _____

Title: _____

Date: November ___, 2020

**On Behalf of 3M Company**

By: _____

Print Name:  Michael L. Gannon

Title: Senior Trademark Counsel

Date: November 16, 2020

-4-

7.     The $20,000 surety bond posted in this action and reflected on the docket shall remain in place until further order of the Court.

8.     Defendant stipulates and agrees to work with 3M during the pendency of this action to identify correspondence and communications it had with third-parties relating to the purchase or sale of purported 3M-brand respirator masks so that the source(s) of the Ohio Seized Items and the Mississippi Seized Items can be ascertained;

9.     The entry placing this action under seal (ECF No. 4.) is hereby modified. The Clerk of Courts is directed to unseal this action and place any materials that have been filed herein on the public docket. Defendant stipulates that it has been served with the Complaint, Motion, Order and all other orders of the Court in which the Court directed counsel for 3M to serve Defendant. 3M and Defendant acknowledge that upon unsealing of the case, the parties shall accept service through the Court's electronic filing system. Any documentation not filed in this matter but required to be served shall be served via electronic mail on all counsel of record.

Dated: November 23, 2020

_____
U.S. District Court Judge

STIPULATED AND AGREED:

| On Behalf of Defendant Premium Contractor Solution, LLC | On Behalf of 3M Company |
|---|---|
| By: _Devg B_ | By: _____ |
| Print Name: _Devig Ba_ | Print Name: Michael E. Gannon |
| Title: _Soles_ | Title: Senior Trademark Counsel |
| Date: November 16, 2020 | Date: November ___, 2020 |

-4-