UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

3M Company,                                        Case No. 3:20-CV-443

      Plaintiff,                                  Judge Thomas Rose

vs.                                                ANSWER AND THIRD PARTY
                                                   COMPLAINT

Premium Contractor Solution, LLC,

      Defendant/Third Party Plaintiff

vs.

HK Huatent Telecom Technology Co., Ltd.,
Flat/Rm. 1405 Luchy Cente
166 Wanchai Road
Wanchai, HK

Ying Kang
10a, Southlands Way,
Congresbury, Bristol, UK BS49 5BP

ROSE Europe GMBH,
Lyoner Str. 14
Frankfurt Am Main, Germany

Dongguan Yousun Leather Technology  Co. LTD,
Floor No. 4, No. 2, Xinweier Rd.
Shajiao District, Humen Town
Dongguan City, PRC

Beijien Yangyuan Commerce and Trade Center
Room 110 No. 20 Building, No. 78 Shazikou R.
Dongcheng District
Beijing City, PRC

Dokeye Industry(HK) Co, LTD,
Room 3, 27 F HO King Commercial Centre No. 2-16,
Fa- Yuen Street, Mongkok, HK

Lianan Development Co. Ltd.
Room 103, Building NO. 319, Hua wei Rd.
Xiangzhou District, Zhuhai City, PRC

3M China Co., Ltd.
8 Xingyi Rd.
Hong Qiao, Changning District,
Shanghai, PRC

and

John Does, # 1-10

Third-Party Defendants,

Defendant, Premium Contractor Solution, LLC (hereafter PCS), for its Answer to Plaintiff's Complaint states as follows:

**First Defense**

1. PCS admits this action pertains to 3M's trademarks but denies all other allegations contained in paragraph 1. of the Complaint.

2. PCS denies the allegations contained in paragraph 2. of the Complaint.

3. PCS denies the allegations contained in paragraph 3. of the Complaint.

4. PCS denies the allegations contained in paragraph 4. of the Complaint.

5. PCS admits the allegations contained in paragraph 5. of the Complaint.

6. PCS admits the allegations contained in paragraph 6. of the Complaint.

7. PCS denies the allegations contained in paragraph 7. of the Complaint.

8. PCS denies the allegations contained in paragraph 8. of the Complaint.

9. PCS denies the allegations contained in paragraph 9. of the Complaint.

10. PCS denies the allegations contained in paragraph 10. of the Complaint.

11. PCS denies the allegations contained in paragraph 11. of the Complaint.

12. PCS makes no answer to the allegations contained in paragraph 12. of the Complaint as those pertain to requested relief.

13.     PCS makes no answer to the allegations contained in paragraph 13. of the Complaint as those pertain to requested relief.

14.     PCS makes no answer to the allegations contained in paragraph 14. of the Complaint as those pertain to requested relief.

15.     PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 15. and therefore denies same.

16.     PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 16. and therefore denies same.

17.     PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 17. and therefore denies same.

18.     PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 18. and therefore denies same.

19.     PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 19. and therefore denies same.

20.     PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 20. and therefore denies same.

21.     PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 21. and therefore denies same.

22.     PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 22. and therefore denies same.

23.     PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 23. and therefore denies same.

24.     PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 24. and therefore denies same.

25.     PCS admits the allegations contained in paragraph 25. of the Complaint.

26.     PCS admits that it has a website and advertises PPE for sale and denies all other allegations contained in paragraph 26. of the Complaint.

27.     PCS admits the allegations contained in paragraph 27. of the Complaint.

28.     PCS admits the allegations contained in paragraph 28. of the Complaint.

29.     PCS denies the allegations contained in paragraph 29. of the Complaint.

30.     PCS admits the allegations contained in paragraph 30. of the Complaint.

31.     PCS admits the allegations contained in paragraph 31. of the Complaint.

32.     PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 32. and therefore denies same.

33.     PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 33. and therefore denies same.

34.     PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 34. and therefore denies same.

35.     PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 35. and therefore denies same.

36.     PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 36. and therefore denies same.

37.     PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 37. and therefore denies same.

38.     PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 38. and therefore denies same.

39.     PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 39. and therefore denies same.

40.     PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 40. and therefore denies same.

41.     PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 41. and therefore denies same.

42.     PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 42. and therefore denies same.

43.     PCS admits the allegations contained in paragraph 43. of the Complaint.

44.     PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 44. and therefore denies same.

45.     PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 45. and therefore denies same.

46.     PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 46. and therefore denies same.

47.     PCS denies the allegations contained in paragraph 47. and therefore denies same.

48.     PCS denies the allegations contained in paragraph 48. and therefore denies same.

49.     PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 49. and therefore denies same.

50.    PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 50. and therefore denies same.

51.    PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 51. and therefore denies same.

52.    PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 52. and therefore denies same.

53.    PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 53. and therefore denies same.

54.    PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 54. and therefore denies same.

55.    PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 55. and therefore denies same.

56.    PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 56. and therefore denies same.

57.    PCS incorporates its preceding responses as necessary to respond to Plaintiff's incorporated averments.

58.    PCS makes no answer to paragraph 58. as none is required.

59.    PCS denies the allegations contained in paragraph 59. of the Complaint.

60.    PCS denies the allegations contained in paragraph 60. of the Complaint.

61.    PCS denies the allegations contained in paragraph 61. of the Complaint.

62.    PCS denies the allegations contained in paragraph 62. of the Complaint.

63.    PCS denies the allegations contained in paragraph 63. of the Complaint.

64.    PCS denies the allegations contained in paragraph 64. of the Complaint.

65.   PCS denies the allegations contained in paragraph 65. of the Complaint.

66.   PCS denies the allegations contained in paragraph 66. of the Complaint.

67.   PCS denies the allegations contained in paragraph 67. of the Complaint.

68.   PCS denies the allegations contained in paragraph 68. of the Complaint.

69.   PCS denies the allegations contained in paragraph 69. of the Complaint.

70.   PCS denies the allegations contained in paragraph 70. of the Complaint.

71.   PCS denies the allegations contained in paragraph 71. of the Complaint.

72.   PCS incorporates its preceding responses as necessary to respond to Plaintiff's incorporated averments.

73.   PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 73. and therefore denies same.

74.   PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 74. and therefore denies same.

75.   PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 75. and therefore denies same.

76.   PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 76. and therefore denies same.

77.   PCS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 77. and therefore denies same.

78.   PCS denies the allegations contained in paragraph 78. of the Complaint.

79.   PCS denies the allegations contained in paragraph 79. of the Complaint.

80.   PCS denies the allegations contained in paragraph 80. of the Complaint.

81.   PCS denies the allegations contained in paragraph 81. of the Complaint.

82. PCS denies the allegations contained in paragraph 82. of the Complaint.

83. PCS denies the allegations contained in paragraph 83. of the Complaint.

84. PCS denies the allegations contained in paragraph 84. of the Complaint.

85. PCS denies the allegations contained in paragraph 85. of the Complaint.

86. PCS denies the allegations contained in paragraph 86. of the Complaint.

87. PCS denies the allegations contained in paragraph 87. of the Complaint.

88. PCS denies the allegations contained in paragraph 88. of the Complaint.

89. PCS denies the allegations contained in paragraph 89. of the Complaint.

90. PCS incorporates its preceding responses as necessary to respond to Plaintiff's incorporated averments.

91. PCS denies the allegations contained in paragraph 91. of the Complaint.

92. PCS denies the allegations contained in paragraph 92. of the Complaint.

93. PCS denies the allegations contained in paragraph 93. of the Complaint.

94. PCS denies the allegations contained in paragraph 94. of the Complaint.

95. PCS denies the allegations contained in paragraph 95. of the Complaint.

96. PCS denies the allegations contained in paragraph 96. of the Complaint.

97. PCS denies the allegations contained in paragraph 97. of the Complaint.

98. PCS incorporates its preceding responses as necessary to respond to Plaintiff's incorporated averments.

99. PCS denies the allegations contained in paragraph 99. of the Complaint.

100. PCS denies the allegations contained in paragraph 100. of the Complaint.

101. PCS denies the allegations contained in paragraph 101. of the Complaint.

102. PCS denies the allegations contained in paragraph 102. of the Complaint.

103.     PCS denies the allegations contained in paragraph 103. of the Complaint.

104.     PCS denies the allegations contained in paragraph 104. of the Complaint.

105.     PCS denies the allegations contained in paragraph 105. of the Complaint.

106.     PCS denies the allegations contained in paragraph 106. of the Complaint.

107.     PCS denies the allegations contained in paragraph 107. of the Complaint.

108.     PCS denies the allegations contained in paragraph 108. of the Complaint.

109.     PCS incorporates its preceding responses as necessary to respond to Plaintiff's incorporated averments.

110.     PCS denies the allegations contained in paragraph 110. of the Complaint.

111.     PCS denies the allegations contained in paragraph 111. of the Complaint.

112.     PCS denies the allegations contained in paragraph 112. of the Complaint.

113.     PCS denies the allegations contained in paragraph 113. of the Complaint.

114.     PCS denies the allegations contained in paragraph 114. of the Complaint.

115.     PCS denies the allegations contained in paragraph 115. of the Complaint.

116.     PCS incorporates its preceding responses as necessary to respond to Plaintiff's incorporated averments.

117.     PCS denies the allegations contained in paragraph 117. of the Complaint.

118.     PCS denies the allegations contained in paragraph 118. of the Complaint.

119.     PCS denies the allegations contained in paragraph 119. of the Complaint.

120.     PCS denies the allegations contained in paragraph 120. of the Complaint.

121.     PCS denies the allegations contained in paragraph 121. of the Complaint.

122.     PCS denies the allegations contained in paragraph 122. of the Complaint.

123.     PCS denies the allegations contained in paragraph 123. of the Complaint.

124.   PCS denies the allegations contained in paragraph 124. of the Complaint.

125.   PCS denies the allegations contained in paragraph 125. of the Complaint.

126.   PCS denies the allegations contained in paragraph 126. of the Complaint.

127.   PCS denies the allegations contained in paragraph 127. of the Complaint.

128.   PCS denies the allegations contained in paragraph 128. of the Complaint.

129.   PCS incorporates its preceding responses as necessary to respond to Plaintiff's incorporated averments.

130.   PCS denies the allegations contained in paragraph 130. of the Complaint.

131.   PCS denies the allegations contained in paragraph 131. of the Complaint.

132.   PCS denies the allegations contained in paragraph 132. of the Complaint.

133.   PCS denies the allegations contained in paragraph 133. of the Complaint.

134.   PCS denies the allegations contained in paragraph 134. of the Complaint.

135.   PCS denies the allegations contained in paragraph 135. of the Complaint.

136.   PCS denies the allegations contained in paragraph 136. of the Complaint.

137.   PCS denies the allegations contained in paragraph 137. of the Complaint.

## Second Defense

138.   Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## Third Defense

139.   Plaintiff's Complaint must be dismissed for failure to join necessary parties under F.R.C.P. 19.

## Fourth Defense

140.   Plaintiff's claims are barred by the doctrine of estoppel.

## Fifth Defense

141. Plaintiff's claims are barred by the doctrine of unclean hands.

## Sixth Defense

142. Plaintiff claims are barred by the doctrine of nominative fair use

## Seventh Defense

143. PCS reserves the right to plead additional defenses as they become known through discovery.

**WHEREFORE**, PCS having fully answered Plaintiff's Complaint demands said Complaint be dismissed and its costs herein expended.

## Third-Party Complaint

PCS, for its Third-party Complaint against Third Party Defendants states as follows:

## Parties

144. PCS is a small, family-owned Ohio limited liability company with its principal place of business in Montgomery County, Ohio. PCS's normal business was interrupted in March 2019 by the COVID-19 pandemic and PCS tried to adapt and stay in business by converting operations and changing focus to the sales of PPE.

145. HK Huatent Telecom Technology Co., Ltd., is a business located in Wanchai, Hong Kong in the Peoples Republic of China that sold masks to PCS.

146. Ying Kang is an individual that resides in Bristol, UK.

147. ROSE Europe GMBH, is a business located in Frankfurt Am Main, Germany that sold masks to Huatent Telecom Technology Co., Ltd. that were subsequently sold to PCS.

148. Dongguan Yousun Leather Technology Co. Ltd. is a business located in Dongguan in the People Republic of China that sold masks to ROSE Europe.

149.    Beijien Yangyuan Commerce and Trade Center is a business located in Beijing City in the Peoples Republic of China that sold masks to Dongguan Yousun Leather Technology Co. Ltd.

150.    Dokeye Industry (HK) Co., Ltd., is a business located in Mongkok, Hong Kong in the Peoples Republic of China that sold masks to ROSE Europe.

151.    Lianan Development Co. Ltd. is a business located in Xiangzhou District, Zhuhai City in the Peoples Republic of China that sold masks to Dokeye Industry HK Co., Ltd.

152.    3M China Co., Ltd., is a subsidiary and/or alter-ego of the Plaintiff 3M Company located in Shanghai, China.

153.    John Does, # 1-10, are individuals or businesses the names and addresses of which are currently unknown to PCS despite reasonable efforts to determine their identities that are liable in whole or in part for the damages sustained by PCS as herein alleged.

**Facts**

154.    In July, 2020, PCS purchased masks from HK Huatent Telecom Technology Co. Ltd., for resale in the United States. The Purchase Agreement is attached as Exhibit 1.

155.    PCS paid approximately $2 Million for the masks.

156.    The masks sold to PCS by HK Huatent Telecom Technology Co. Ltd., were alleged to be genuine 3M Model No. 1860 N95 masks and were adorned with the 3M logo and presented other distinctive characteristics specific to 3M products including, but not limited to, color, size, shape, packaging, seals of authenticity, instructions, packaging documents and trade-dress.

157.    HK Huatent Telecom Technology Co., Ltd., had purchased the masks from ROSE Europe, GMBH, which purchased the masks from Dokeye Industry (HK) Co., Ltd., and those masks were originally supplied by Lianan Development Co. Ltd.

158.    Yang King is a director of ROSE Europe, Gmbh, and she was personally involved in the transaction of selling the masks to PCS and made express representations that the masks were authentic including, without limitation, providing a Certificate of Authorization that purported to prove that Dokeye Industry (HK) Co., Ltd., is an authorized 3M Company Distributor and an SGS Report that purported to prove that the masks were authentic.

159.    PCS relied on the representations of Yang King regarding the authenticity of the masks and purchased the masks for resale based on her representations.

160.    HK Huatent Telecom Technology Co., Ltd. also purchased masks from Dongguan Yousun Leather Technology Co., Ltd., and those masks were originally supplied by Beijien Yangyuan Commerce and Trade Center.

161.    In connection with the purchase of masks referenced above, PCS requested, received and relied upon Certificates that purported to be prove that the original suppliers were authorized 3M Distributors.

162.    In connection with the purchase of masks referenced above, PCS was supplied with and relied upon a report indicating the masks were genuine 3M products prepared by SGS, S.A., a Swiss multinational company headquartered in Geneva, Switzerland, which provides inspection, verification, testing and certification services.

163.    Representatives of 3M China Co., Ltd., were involved in the manufacturing and distribution of the masks at issue.

164.     As a result, the conduct of the Third-Party Defendants and subsequent seizure of the masks ordered by this Court, PCS has lost nearly $2 Million in inventory and has had its business reputation severely damaged.

165.     PCS has invested substantial time and resources in developing relationships with its customers.

166.     The introduction of fake and/or counterfeit 3M products into the stream of commerce by Third-Party Defendants have caused PCS to sustain damages well in excess of $2 Million.

### First Cause of Action – 15 USC §1125

167.     PCS incorporates the preceding allegations by reference.

168.     Third-Party Defendants, individually or in concert with each other, in connection with the commercial transaction with PCS have used words, terms, names, symbols, and devices, and a combination thereof, a false designation of origin, false or misleading description of fact, or false or misleading representation of facts that was likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Third-Party Defendants with the 3M Company, or as to the origin, sponsorship, or approval of the masks at issue in this case by another PCS.

169.     Third-party Defendants are liable to PCS pursuant to 15 USC §1125.

170.     PCS is entitled to all damages available under 15 USC §1117.

### Second Cause of Action – ORC Chap. 4165

171.     PCS incorporates the preceding allegations by reference.

172.     Third-Party Defendants have engaged in Deceptive Trade Practices as defined in R.C. § 4165.02 by passing off the masks at issue as genuine 3M products.

173.     PCS has been damaged by Third-Party Defendants' violation of the Deceptive Trade Practices

174.     PCS is entitled to all damages available under R.C. §4165.03

**Third Cause of Action – Common Law Fraud**

175.     PCS incorporates the preceding allegations by reference.

176.     Third-Party Defendants represented to PCS that they were authorized by 3M to sell 3M products including the masks at issue.

177.     Third-Party Defendants represented that the masks at issue were authentic 3M 1860 N95 Masks.

178.     If the masks are counterfeit and/or the Third-Party Defendants are not authorized to sell 3M products, then the Third-Party Defendants have made fraudulent misrepresentations upon which PCS has justifiably relied.

179.     Third-Party Defendants made the aforementioned fraudulent misrepresentations willfully and maliciously.

180.     As a result of PCS justifiable reliance on Third-Party Defendants' fraudulent misrepresentations, PCS suffered economic damages in an amount to be proven at trial but believed to be well in excess of $2 Million.

**Fourth Cause of Action – Breach of Contract**

181.     PCS incorporates the preceding allegations by reference.

182.     On or about July 15, 2020, PCS contracted with HK Huatent Telecom Technology Co., Ltd., for the purchase of 3M Model No. 1860 N95 masks. See attached Ex. 1.

183.     If the masks at issue in this case are not genuine 3M Model No. 1860 N95 masks, then HK Huatent Telecom Technology Co., Ltd. has breached the contract and PCS has

sustained economic damages in an amount to be proven at trial but believed to be well in excess of $2 Million.

### Fifth Cause of Action – Tortious Interference with Contractual Relationship

184.     PCS incorporates the preceding allegations by reference.

185.     Third-Party Defendants had knowledge of PCS's contractual relationship with its customers for the sale of 3M Model No. 1860 N95 masks.

186.     Third-Party Defendants tortiously interfered in PCS contractual relationship with its customers by selling PCS the counterfeit masks at issue.

187.     As a direct and proximate result of Third-Party Defendants' tortious interference with PCS contractual relationships, PCS has sustained economic damages in an amount to be proven at trial but believed to be well in excess of $2 Million.

### Sixth Cause of Action – Civil Conspiracy[1]

188.     PCS incorporates the preceding allegations by reference.

189.     The introduction of fraudulent and/or counterfeit products into the stream of commerce by Third-Party Defendants while fraudulent representing themselves to be authorized 3M distributors is a malicious civil conspiracy intended to damage and defraud downstream retailers and end users.

190.     Third-Party Defendants have engaged in a malicious civil conspiracy as outlined above and, as a result, they have injured PCS in a way they could not if acting alone.

---

[1] See *Kent v. Transamerica Premium Insurance Company*, 72 Ohio St.3d 415, 650 N.E.2d 863, 1995-Ohio-61 (1995)

191.    As a direct and proximate result of Third-Party Defendants' malicious civil conspiracy PCS has sustained economic damages in an amount to be proven at trial but believed to be well in excess of $2 Million.

### Seventh Cause of Action – 9 USC §4/Order Compelling Arbitration

192.    PCS incorporates the preceding allegations by reference.

193.    Article 7 of the contract between PCS and HK Huatent Telecom Technology Co., Ltd., provides for mandatory arbitration of any dispute or claim arising out of or relating to the contract.

194.    By filing this Answer and Third-Party Complaint, PCS does not waive and expressly preserves its rights to pursue arbitration of the claims presented herein.

195.    By separate Motion, PCS may seek an Order staying these proceedings and compelling arbitration.

**WHEREFORE**, demands judgment against Third-Party Defendants for compensatory, consequential, special and punitive damages, attorneys' fees, costs of this action, an order compelling arbitration, injunctive relief and such other relief as this Court deems just.

Respectfully submitted,


*/s/ Zachary Gottesman*
Zachary Gottesman (0058675)
Trial Attorney for the Defendant
Gottesman & Associates, LLC
404 East 12th Street, First Floor
Cincinnati, Ohio 45202
T: 513/651-2121
F: 513/651-2131
zg@zgottesmanlaw.com

*/s/ Robert J. Thumann*
Robert J. Thumann (0074975)
Crehan & Thumann, LLC

Attorney for the Defendant
404 East 12th St., Second Floor
Cincinnati, Ohio 45202
T: 513/381-5050
F: 513/381-1700
Thumann@ctlawcincinnati.com

**Certificate of Service**

I hereby certify that on January 6, 2021, a true and accurate copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be emailed to those parties who are not served via the Court's electronic filing system. If appropriate, copies will be served on the Parties and/or their counsel of record as required by the FRCP. Parties may access this filing through the Court's system.

*/s/ Zachary Gottesman*
Zachary Gottesman (0058675)
Trial Attorney for the Defendant

## PURCHASE AGREEMENT

| | |
|---|---|
| Buyer: | Premium Contractor Solution LLC. |
| Address: | Suite 500,2601 W Stroop Rd,Dayton OHIO, 45439 |
| Telephone: | 001-216-527-4338 |
| Email: | dbao@premiumcontractorsolution.com |
| Seller: | HK Huatent Telecom Technology Co., Limited |
| Address: | FLAT/RM 1405 14/F LUCHY CENTE 166 WANCHAI ROAD WANCHAI HK |
| Telephone: | +86 18676049997 |
| Email: | seasunma@126.com,seasun.ma@huatent.com |

The SELLER and BUYER have on this day mutually agreed to sell/to buy the following Commodity under the terms and conditions hereunder stipulated:

### Article 1: DESCRIPTION - PRICE - QUANTITY

The Seller will supply the following products to a destination to be specified by the Buyer.  The contract price delivery price is CIF (cost, insurance and freight included) in compliance with the International Commercial Terms 2010.



| | QTY (PCS) | UNIT PRICE | BALANCE $ |
|---|---|---|---|
| 3M N95 1860 Respiratory Particulate Masks | 623,360 | $3.15 | $1,963,584.00 |
| TOTAL | | CIF USA | $1,963,584.00 |

**Article 2: SPECIFICATIONS**

The goods supplied under this contract shall meet the following specification:

**3M 1860 N95 Face Mask**

1. NIOSH approved.
2. FDA cleared.
3. Meets CDC Guidelines for infection control of Flu, SARS, Corona Virus, Tuberculosis, Anthrax, Smallpox and more.
4. Patented design provides lower breathing pressure and a better fit for a greater range of facial sizes.
5. Foldable design allows respirator to fit in a pocket.
6. Latex-free.
7. Staple-free head straps.
8. Highest Level of ASTM Fluid Resistance, 160mm HG Single use only. Must be discarded after one use.
9. Filter material made in USA
10. Packing / Loading: 623,360 Pieces Price CIF destination to be specified by buyer.
11. This sale price CIF shall last for the period of 10 days and may be renewed for successive 10-day periods.
12. Origin: Hungary



Detailed specifications of the product supplied are attached in annex to this contract.

**Article 3: PROCEDURE**

1. After this contract is signed by both the Seller and Buyer, the Seller will supply a commercial invoice to the Buyer.
2. The Buyer will remit USD 200,000.00(Twenty Thousand Only) to the Seller's designated bank account.
3. The Seller will supply the Buyer with Certificates and proof of product including the lot number of the production (video of product with date and name of buyer or mandate) once the requested

amount has been manufactured within approximately 4 days after the confirmation of the deposit in the seller account.

4.  When the goods detailed in Article 1 of this sales contract are ready for shipment, the Seller will provide the Buyer with an SGS report.

5.  The Buyer will reimburse Seller for the cost of the SGS inspection.

6.  The Seller sends the inspection documents to the Buyer.

7.  The Buyer will immediately(within 24hours after receiving the SGS report) remit the outstanding balance of the full contract price, plus 100% of the cost of the SGS inspection to the Seller's designated bank account.

**Article 4: DELIVERY TIME**

Time of shipment:  Arrival to USA Mississippi

Trans-shipment:  Allowed.

Documents:  Within four (4) days from the date of loading, the Seller shall courier to the Buyer documents as stated under Article 6 of this Sales Contract.



**Article 5: PAYMENT**

As stipulated in Article 3 of this contract, the Buyer agrees to pay the Seller by telegraphic transfer within the following timescale:

1.  210,000.00USD deposit on signing of the contract by the Buyer and Seller.

2.  The Balance of the total amount of the commercial invoice price plus the cost of the SGS inspection fee immediately on receipt by the Buyer of the SGS inspection documents.

The Seller's banking details / banking coordinates are attached with this contract.

**Article 6: REQUIRED DOCUMENTS**

The Seller will provide the Buyer with the following documents:

1.  Commercial Invoice In USD
2.  Packing list (If applicable).
3.  AWB (Airway bill) or Bill of Loading

## Article 7: ARBITRATION

The Parties shall exercise their best efforts to resolve by negotiation any and all disputes, controversies and differences between them arising out of or relating to this contract.

Any dispute, controversy, difference or claim arising out of or relating to this contract, including the existence, validity, interpretation, performance, breach or termination thereof or any dispute regarding non-contractual obligations arising out of or relating to it shall be referred to and finally resolved by arbitration administered by the Hong Kong International Arbitration Centre (HKIAC) under the HKIAC Administered Arbitration Rules in force when the Notice of Arbitration is submitted.

The seat of arbitration shall be Hong Kong.

The number of arbitrators shall be three. The arbitration proceedings shall be conducted in English.



By submitting the dispute to arbitration under these rules, the Parties undertake to implement any award without delay and shall be deemed to have waived their right to any form of recourse insofar as such waiver can validly be made.

Any and every decision or award following arbitration shall be binding on the Parties and shall be enforceable at law.

Each of the Parties subject to the declared breach shall be responsible for their own legal expenses until an award is given or settlement is reached; provided, however, that the Party found in default following the arbitration procedure shall compensate in full the aggrieved party its heirs, assignees and/or designs for the total remuneration received as a result of business conducted with the Parties covered by this agreement, plus all its arbitration costs, legal expenses and other charges and damages deemed fair by the Arbitrators.

Notice under this agreement shall be in writing and shall be sufficiently served on either party if sent by email to the addresses listed above.

## Article 8: CLAUSES

Any change and/or amendment to this contract shall be made in writing and agreed upon by both parties.

This contract becomes effective when signed by both parties and shall terminate after the Buyer accepts delivery, without any claims to the product quality. Buyer shall inspect the product at the time of delivery and shall definitively accept or reject the shipment. Rejection may be based solely on demonstrated failure to meet the product specifications.

## NON-CIRCUMVENTION, NON-DISCLOSURE

The parties hereto agree to abide fully by the customary international rules of non-circumvention and non-disclosure as established by the International Chamber of Commerce (ICC) in USA or Lithuania and such non-circumvention, non-disclosure shall include but shall not be limited to communication with each party's respective representatives, lawyers, agents, escrow agents, associated distributors or suppliers and shall apply to all information about their transactions disclosed to third parties without the express permission in writing of either party. The parties acknowledge that in addition they have executed as separate NCNDA and this agreement is valid only after acceptance and full execution of that NCNDA.

## TIME

Time is of the essence and accordingly any time, period or date specified in this agreement shall be deemed to be the agreed time, date and period for doing any act or thing specified thereof.



## ENTIRE AGREEMENT

This agreement contains the entire understandings and agreement between the parties in relation to the subject matter and may be amended only by a writing signed by both parties. This agreement is not assignable, without the written consent of the Seller.

## SIGNATURES

IN WITNESS WHEREOF THIS AGREEMENT HAS BEEN AGREED AND EXECUTED BY EACH OF THE FOLLOWING PARTIES BY DULY AUTHORIZED SIGNATORIES ON THIS 15th July 2020.

BUYER
Authorized signatory for and on behalf,

By: _DeXiang Bun_

Name: _Dexry Bun_

Position: _Sdes_

SELLER
Authorized signatory for and on behalf,

马晓真

By: _____

Name:   Ma Xiaozhen

CEO and General Manager
Position: _____



## APPENDIX

| | |
|---|---|
| Model | 1860 |
| National Stock Number | 6532014225282 |
| Natural Rubber Latex Components | No |
| NIOSH Filter Approval Rating | N95 |
| Number per Box | 20 |
| Packaging | Bulk Case |
| Product Color | Teal |
| Product Type | Healthcare Respirator |
| Recommended Industry | Health Care |
| Respirator Style | Cup |
| Size | Standard |
| Standards/Approvals | N95 & FDA Cleared |
| Strap Attachment Type | Braided Comfort Strap |
| Aerosol Type | Non-Oil |
| Assigned Protection Factor | 10 |
| Boxes per Case | 6 |
| Braided Comfort Strap | Yes |
| Brand | 3M™ |
| Cartridge or Filter Included | Yes |
| Case Quantity | 120 |
| Catalog Number | 1860 |
| Class | Market Leader |
| Exhalation Valve | No |
| Faceseal/Nosefoam | Nosefoam |
| FDA Cleared | Yes |
| Features | Advanced Electrostatic Media |
| Flame Resistance (ASTM D2859-96) | No |



| | |
|---|---|
| Flammability Rating | Class 1 |
| Fluid Resistant (ASTM F1862) | Yes |
| Gas & Vapor Protection Type | Particulates |
| Individually Wrapped | No |



