# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| 3M COMPANY, | : |
| Plaintiff, | : Case No. 3:20-cv-443 |
| v. | : Judge Thomas M. Rose |
| PREMIUM CONTRACTOR SOLUTION, LLC, | : |
| Defendant/Third-Party Plaintiff, | : |
| v. | : |
| HK HUATENT TELECOM TECHNOLOGY CO., LTD., *et al.*, | : |
| Third-Party Defendants. | : |

## ORDER REQUIRING THIRD-PARTY PLAINTIFF PREMIUM CONTRACTOR SOLUTION, LLC TO PROVIDE A STATUS REPORT REGARDING ITS EFFORTS TO PERFECT SERVICE ON THIRD-PARTY DEFENDANTS

The operable Third-Party Complaint in this matter was filed on February 10, 2021. (ECF No. 29.) More than 90 days have now passed since the filing of that third-party complaint. The Court ORDERS Third-Party Plaintiff Premium Contractor Solution, LLC to inform the Court—either during the on-the-record May 19, 2021 Telephone Status Conference or in a written filing prior to that conference—of the efforts that it has taken to serve a copy of the summons and complaint on any third-party defendant who has not yet appeared in this action.

Based on the addresses listed for the third-party defendants in the Amended Third-Party Complaint, all of the named third-party defendants are located in foreign countries with the exception of Xiaoli Yang and Lawrence Group, Inc. (ECF No. 29 at PageID 270-71.) Third-Party

1

Plaintiff has filed an affidavit of service regarding Xiaoli Yang and Lawrence Group, and an attorney has filed a notice of appearance on behalf of each of those two parties. (ECF Nos. 37, 38, 39, 40.) As Third-Party Plaintiff is presumably aware, courts require that a copy of the complaint and summons be served by specific means on defendants. *See generally* Fed. R. Civ. P. 4. "Because district courts need to be able to control their dockets, Rule 4(f) authorizes a without-prejudice dismissal when the court determines in its discretion that the plaintiff has not demonstrated reasonable diligence in attempting service." *Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012); *see also* 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1137 (4th ed.) ("if service in a foreign country is not pursued in a diligent fashion, the district court can dismiss the action because of the plaintiff's failure to prosecute"). Thus, the Court puts Third-Party Plaintiff on notice that a defendant may be dismissed for failure to prosecute when a plaintiff has not exercised due diligence in attempting to serve that defendant. *See, e.g., Best v. Mobile Streams, Inc.*, No. 1:12-cv-564, 2014 U.S. Dist. LEXIS 31316, 2014 WL 950961, at *2-4 (S.D. Ohio Mar. 11, 2014) (dismissing claims against certain defendants for failure to properly serve those defendants).

      **DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, May 12, 2021.

                                            s/Thomas M. Rose
                                            THOMAS M. ROSE
                                         UNITED STATES DISTRICT JUDGE