**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| 3M COMPANY, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:20-cv-443 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| PREMIUM CONTRACTOR SOLUTION, LLC, | : | |
| | : | |
| | : | |
| Defendant/Third-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HK HUATENT TELECOM TECHNOLOGY CO., LTD., *et al.*, | : | |
| | : | |
| | : | |
| Third-Party Defendants. | : | |

---

**ENTRY AND ORDER GRANTING, IN PART, PREMIUM CONTRACTOR SOLUTION, LLC'S MOTION FOR DEFAULT JUDGMENT AGAINST THIRD-PARTY DEFENDANT, YING KANG (DOC. NO. 61)**

---

This matter is before the Court on the Motion for Default Judgment Against Third-Party Defendant, Ying Kang (Doc. No. 61) (the "Motion"), filed by Premium Contractor Solution, LLC ("PCS"). In the Motion, PCS asks the Court to enter default judgment against a third-party defendant, Ying Kang ("Kang"), pursuant to Fed. R. Civ. P. 55(b), and to schedule an evidentiary hearing to allow it to present evidence of its damages. For the reasons discussed below, the Court **GRANTS, IN PART,** the Motion.

**I.     BACKGROUND**

On February 10, 2021, PCS (an Ohio limited liability company based in Montgomery County, Ohio) filed its Amended Third-Party Complaint that added Kang (an individual who

resides in the United Kingdom) as an additional third-party defendant. (Doc. No. 29.) The Amended Third-Party Complaint asserts claims for violation of the Lanham Act (15 U.S.C. § 1125), violation of Ohio Rev. Code Chapter 4165, common law fraud, breach of contract, tortious interference with contractual relationship, and civil conspiracy. (*Id.* at PageID 284-86.).

In short, the Amended Third-Party Complaint alleges, among other things, that PCS purchased masks from another company that were alleged to be genuine 3M Model No. 1860 N95 masks. (Doc. No. 29 at PageID 282.) Kang "was personally involved in the transaction of selling the masks to PCS and made express representations that the masks were authentic[,] including, without limitation, providing a Certificate of Authorization that purported to prove that [the supplier of the masks] is an authorized 3M Company Distributor and an SGS Report that purported to prove that the masks were authentic." (*Id.*) PCS relied on Kang's representations "and purchased the masks for resale based on her representations." (*Id.*) PCS alleges that it "has lost nearly $2 Million in inventory and has had its business reputation severely damaged" as a result of the third-party defendants' conduct. (*Id.* at PageID 283.)

On June 11, 2021, PCS filed a motion for entry of default against Kang (Doc. No. 52), supported by a declaration from PCS's counsel (Doc. No. 53) and what appear to be two versions of a certificate of service of foreign process on Kang in the United Kingdom (Doc. No. 44; Doc. No. 45). On July 15, 2021, the Clerk of Court entered a default against Kang.[1] (Doc. No. 55.) PCS then filed the present Motion. (Doc. No. 61.) Kang did not file an opposition to the Motion, and the time for doing so has expired. S.D. Ohio Civ. R. 7.2(a).

---

[1] The Clerk's Entry of Default, issued pursuant to Federal Rule of Civil Procedure 55(a), is incorrectly titled "Clerk's Entry of Default Judgment." (*See* Doc. No. 55.) The Clerk did not enter default judgment against Kang in this case.

## II.    ANALYSIS

PCS seeks "judgment for the liability of its Third-Party Claims against Ying-Kang and requests a hearing to present evidence of damages." (Doc. No. 61 at PageID 471.) PCS asks the Court to enter default judgment against Kang on her liability for its claims of (1) violation of the Lanham Act; (2) violation of the Ohio Deceptive Trade Practice Act ("ODTPA"); (3) common law fraud; (4) tortious interference with contract; and (5) civil conspiracy. (*Id.* at PageID 470.)

### A. Legal Standards for Default Judgment

Federal Rule of Civil Procedure 55 provides for default judgments. To obtain a default judgment against a party pursuant to Rule 55, there first must be an entry of default regarding that party. Fed. R. Civ. P. 55(a), (b); *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986) ("entry of default is … the first procedural step on the road to obtaining a default judgment"). Next, the party seeking the default judgment must apply for one, either to the clerk (if the claim is for a sum certain or a sum that can be made certain by computation) or to the court (in all other cases). Fed. R. Civ. P. 55(b).

To enter a default judgment against a party, a court must have both subject matter jurisdiction over the action and personal jurisdiction over that party. *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case"); *Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010) ("[p]ersonal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court, including entry of the default judgment"); *Kuhlman v. McDonnell*, No. 1:20-cv-510, 2022 WL 407240, at *2 (S.D. Ohio Feb. 10, 2022). Additionally, the Court must be satisfied that the facts in the complaint state a claim for relief against that party. *Harrison v. Bailey*, No. 95-6263, 107 F.3d 870 (Table), 1997 WL 49955, at *1 (6th Cir. Feb. 6, 1997) ("[d]efault judgments would not have been proper due to

3

the failure to state a claim against these defendants"); *Anderson v. Johnson*, No. 98-1931, 194 F.3d 1311 (Table), 1999 WL 1023753, at *2 (6th Cir. Nov. 4, 1999) ("[e]ven if a default has been entered against a party, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law"); *Parallax Advanced Research Corp. v. SPG Institute, Inc.*, No. 3:21-cv-133, 2021 WL 3634739, at *2 (S.D. Ohio Aug. 17, 2021) ("a default judgment fails as a matter of law if the plaintiff's complaint does not assert a plausible claim upon which relief can be granted").  Once a default has been entered, the factual allegations in the complaint—other than those relating to the amount of damages—are accepted as true.  *Parallax Advanced Research Corp.*, 2021 WL 3634739, at *2 (citing Fed. R. Civ. P. 8(b)(6); *Stooksbury v. Ross*, 528 F. App'x 547, 551 (6th Cir. 2013)).

Under Rule 55(b)(2), the Court may enter default judgment without a hearing, but it also may conduct a hearing or make a referral when "it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegations by evidence; or (D) investigate any other matter."  Fed. R. Civ. P. 55(b)(2).  Finally, the Sixth Circuit has explained that, "[w]hen considering whether to enter a default judgment, a court should take into account: 1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits."  *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002).

### B.  Application

The Court is satisfied that it has subject matter jurisdiction over this action and has personal jurisdiction over Kang.  *See, e.g.,* Ohio Rev. Code § 2307.382(A)(1); *MJM Holdings Inc. v. Sims*, 2019-Ohio-514, 130 N.E.3d 1093 (Ohio Ct. App. 2019); *Wuliger v. Positive Living Res.*, 410 F.

Supp. 2d 701, 705-07 (N.D. Ohio 2006). Kang has been totally unresponsive—failing to appear, plead, or defend against this action. *See Parallax Advanced Research Corp.*, 2021 WL 3634739, at *3 (courts are "more likely to grant a default judgment in cases where a defendant has been entirely unresponsive"). A default judgment against Kang is appropriate in this case, in light of Kang's failure to respond to the Amended Third-Party Complaint, because PCS's well-pleaded allegations state a plausible claim against Kang.

More specifically, the Court is satisfied that the factual allegations in the Amended Third-Party Complaint state a claim against Kang for fraud (*see* Doc. No. 29 at PageID 282-83, 285). *Aetna Cas. & Sur. Co. v. Leahey Const. Co.*, 219 F.3d 519, 540 (6th Cir. 2000) (setting forth elements of a fraud claim) (citing *Cohen v. Lamko, Inc.,* 10 Ohio St. 3d 167, 462 N.E.2d 407, 409 (Ohio 1984)). And, the Court is satisfied that the factual allegations in the Amended Third-Party Complaint state a claim against Kang for violation of the ODTPA (*see* Doc. No. 29 at PageID 282-84). Ohio Rev. Code § 4165.02; *Torrance v. Rom*, 157 N.E.3d 172, 2020-Ohio-3971, at ¶ 48 (Ohio Ct. App. 2020) (setting forth elements of an ODTPA claim). However, the Court is not satisfied that the factual allegations in the Amended Third-Party Complaint support the other three claims against Kang for which PCS is seeking default judgment. *See* 15 U.S.C. § 1125(a); *Johnson v. Jones*, 149 F.3d 494, 502 (6th Cir. 1998) (elements of a Lanham Act claim for false designation of origin); *Fred Siegel Co., L.P.A. v. Arter & Hadden*, 85 Ohio St. 3d 171, 1999-Ohio-260, 707 N.E.2d 853 (Ohio 1999), paragraph one of the syllabus (elements of a claim for tortious interference with contract); *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St. 3d 415, 1995-Ohio-61, 650 N.E.2d 863, 866 (Ohio 1995) (defining civil conspiracy).

### III.  <u>CONCLUSION</u>

For the reasons stated above, the Court **GRANTS, IN PART,** PCS's Motion for Default

Judgment Against Third-Party Defendant, Ying Kang (Doc. No. 61).  PCS is entitled to default judgment in its favor and against Kang as to liability on PCS's claims of fraud and violation of the ODTPA.  By separate entry, the Court will set an evidentiary hearing to determine damages.

      **DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, March 15, 2022.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE