**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| 3M COMPANY, : | |
| : | |
| Plaintiff, : | Case No. 3:20-cv-443 |
| : | |
| v. : | Judge Thomas M. Rose |
| : | |
| PREMIUM CONTRACTOR SOLUTION, LLC, : | |
| : | |
| Defendant/Third-Party Plaintiff, : | |
| : | |
| v. : | |
| : | |
| HK HUATENT TELECOM TECHNOLOGY CO., LTD., *et al.*, : | |
| : | |
| Third-Party Defendants. : | |

_____

### ENTRY AND ORDER AWARDING DAMAGES TO THIRD-PARTY PLAINTIFF, PREMIUM CONTRACTOR SOLUTION, LLC, AGAINST THIRD-PARTY DEFENDANT, YING KANG

_____

On March 15, 2022, the Court ruled that Third-Party Plaintiff Premium Contractor Solution, LLC ("PCS") was entitled to default judgment in its favor and against Third-Party Defendant Ying Kang ("Kang") on PCS's claims of fraud and violation of the Ohio Deceptive Trade Practice Act ("ODTPA"). (Doc. No. 64.) On PCS's request, the Court scheduled an evidentiary hearing to allow PCS to present evidence of its damages, in accordance with Fed. R. Civ. P. 55(b). The Court conducted that hearing on April 21, 2022. For the reasons discussed below, the Court **AWARDS** PCS damages in the amount of $2,633,262.25 against Kang.

**I.     LAW AND ANALYSIS**

Under Rule 55(b)(2), the Court may enter default judgment without a hearing, but it also may conduct a hearing or make a referral when "it needs to … determine the amount of damages … or … investigate any other matter." Fed. R. Civ. P. 55(b)(2)(B), (D). "'Where damages are unliquidated a default admits only the defaulting party's liability and the amount of damages must be proved.'" *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quoting *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)) (alteration adopted); *see also Bell v. Zurich Am. Ins. Co.*, 156 F. Supp. 3d 884, 889 (N.D. Ohio 2015) ("[w]hen the amount of damages to be awarded pursuant to a default judgment is uncertain, the court must make further inquiry"). "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Vesligaj*, 331 F. App'x at 355 (internal quotation marks omitted). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (internal quotation marks omitted). This inquiry may include an evidentiary hearing, as well as consideration of affidavits or other documentary evidence in the record, to determine the appropriate amount of damages to be awarded. *Bell*, 156 F. Supp. 3d at 889 (a court may make further inquiry "through oral testimony at an evidentiary hearing, or through the submission of affidavits and other materials"). "There is no right to a jury trial on a request for a default judgment, or as a manner of disputing damages following the entry of a default judgment." *Id.* The award can include compensatory damages, as well as interest, costs, punitive damages, attorneys' fees, or other appropriate relief. *See, e.g., id.* at 890-92 (awarding compensatory damages, prejudgment interest, punitive damages, and attorneys' fees); *Long v. Morgan*, 451 F. Supp. 3d 830, 836-37 (M.D. Tenn. 2020) (finding plaintiffs were entitled to default judgment against the defendant and an award of their unpaid

wages, liquidated damages, attorneys' fees, litigation expenses, and costs). However, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

On April 21, 2022, the Court held an evidentiary hearing to ascertain the amount of damages to be awarded to PCS and against Kang. Neither Kang nor counsel for Kang appeared at the hearing. On behalf of PCS, Mr. Dexiang Bao (PCS's owner and operating member (*see* Doc. No. 62)) appeared and testified to PCS's damages suffered as a result of Kang's fraud and ODTPA violation. This included testimony regarding five documents (or sets of documents), which were entered into the record as exhibits. (*See* 04/21/2022 Minute Entry.) The testimony and documents demonstrated that PCS paid $1,963,584.00 for the (counterfeit 3M-brand N95 respirator) masks at issue (*see* Hearing Exhibit 1), paid $7,786.95 in related shipping costs (*see* Hearing Exhibit 2), paid $45,355.30 in interest on a loan to purchase the masks at issue (*see* Hearing Exhibit 3), and suffered lost profits on two large bulk sales of those masks in the amount of $616,536.00 (*see* Hearing Exhibits 1 and 4).

The Court finds that PCS has proven its entitlement to damages against Kang in the amount of $2,633,262.25 with reasonable certainty. The Court does so after having considered the uncontroverted testimony at the April 21, 2022 evidentiary hearing and documentary evidence in the record.

## II. CONCLUSION

For the reasons stated above, consistent with this Order and the Court's March 15, 2022 Order that found PCS was entitled to default judgment in its favor and against Kang on PCS's claims of fraud and violation of the ODTPA (Doc. No. 64), the Court **AWARDS** damages to PCS and against Kang in the amount of $2,633,262.25. The Court **ORDERS** the Clerk to enter

3

Judgment against Kang in accordance with this Order and the Court's March 15, 2022 Order (Doc. No. 64).

Finally, the Court notes that PCS indicated in its December 21, 2021 Status Report that it "is dismissing the remaining Third-Party Claims [i.e., claims other than those brought against Kang] to pursue some, not all, in another case." (Doc. No. 63 at PageID 488.) Additionally, the Court notes that Plaintiff 3M Company and Defendant PCS told the Court on August 23, 2021 that, "[u]pon the Court's entry of the *Consent Judgment*, the parties will file a Joint Stipulation of Dismissal." (Doc. No. 57 at PageID 435 (emphasis in original).) The Court entered the Consent Judgment on August 24, 2021 (Doc. No. 58), but those parties have yet to file a Joint Stipulation of Dismissal.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, April 22, 2022.

                                                                      s/Thomas M. Rose
                                                  _____
                                                      THOMAS M. ROSE
                                          UNITED STATES DISTRICT JUDGE